# Kasell Law Firm

June 4, 2025

*Via CM/ECF*

Hon. Kiyo A. Matsumoto
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    Response to Order to Show Cause Why the Action Should Not Be Remanded in *Main Street Merchant Services Inc. v. Heyburn, LLC et al.*, 25 Civ. 2904

Your Honor:

I represent defendants Heyburn, LLC, Little Tacoma Construction, LLC, and Peter M. Perrin. I respectfully submit this letter in response to the Court's May 28, 2025, Order to Show Cause.

The Constitution's Diversity Clause and 28 U.S.C. § 1332 are designed "to remedy the wide-spread and long-standing apprehension about the state courts' ability to be impartial when administering justice between citizens of different states." Henry J. Friendly, *The Historic Basis of Diversity Jurisdiction*, 41 Harv. L. Rev. 483, 492 (1928) (discussing *Bank of the U.S. v. Deveaux*, 9 U.S. (5 Cranch) 61 (1809)). Diveristy jurisdiction assures non-resident of tribunals "free from susceptibility to potential local bias." *Guaranty Trust Co. v. York*, 326 U.S. 99, 111 (1945); *see also Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553-54 (2005).

This case involves a dispute over a merchant cash advance ("MCA") agreement.  Over the past several years, federal courts issued searching, often critical opinions concerning MCA industry:

- Judge Analisa Torres has observed that the industry is under "regulatory scrutiny for the high interest rates charged—some exceeding 500 percent per year—and the 'high-pressure boiler room tactics' of its salespeople." *Collins v. MCA Receivables, LLC*, No. 23 Civ. 353 (AT), slip op. at 2 (S.D.N.Y. Jan. 23, 2024).

- Three landmark S.D.N.Y. opinions in the summer of 2022—*Fleetwood Servs., LLC v. Ram Capital Funding, LLC*, *Haymount Urgent Care PC v. GoFund Advance, LLC*, and *Lateral Recovery LLC v. Queen Funding, LLC*—held that MCA agreements were potentially usurious loans – and, therefore, illegal.

Reflecting the difference between state and federal courts, one lawyer that represents MCA companies entitled an article even entitled an article "SDNY Is the New Worst Place To Litigate MCA Disputes," N.Y.L.J. (Mar. 10, 2023).  All of this underscore why the Constitution and Congress give out-of-state defendants the option of a federal forum so that they can be assured of an unbiased tribunal adjudicating their case.

# Kasell Law Firm

Out-of-state defendants face a difficulty, however: Section 1446(b)(1) of 28 U.S.C. requires removal within thirty days of service, which in this case was done by mail under the contract's terms. The deadline is strict. On day 31 after the mailing, removal is not allowed.

Defendants were served by mail on April 25, 2025. I was retained by three of the four defendants on May 13, 2025. I filed the notice on May 24, 2025—day 29 after service by mail. During that tight window of eleven days I confirmed that the LLCs and individual I represent were Oregon citizens. That is, Heyburn, LLC and Little Tacoma Construction, LLC are only owned by Mr. Perrin, who is an Oregon citizen as he is domiciled in Oregon.

Mr. Perrin does not have any membership interests (or any interest whatsoever) in Francis Street Investors, LLC. That is, Mr. Perrin is not an owner, and he was not an owner of the LLC when the lawsuit was filed. I further confirmed that Francis Street Investors, LLC was a limited liability company formed under the laws of California. Mr. Perrin informed this law firm that he believed there were two members of the Francis Street Investors, LLC, and that both were California citizens.

Based on this investigation, I alleged that Franscis Street Investors LLC was, and is, a California citizen. I made the allegation based on "information and belief." That phrase is, I believe, inartful as one judge outside this Circuit has explained. *See Delphix Corp. v. Actifo, Inc.*, No. 13 Civ. 4613, 2014 WL 4628490, at *2 (N.D. Cal. Mar. 19, 2014).

Nonetheless, I believe "information and belief" is the common way that lawyers in federal court avail themselves of Rule 11(b)(3) of the Federal Rules of Civil Procedure. Rule 11(b)(3) expressly permits counsel to allege facts if counsel certifies the fact "will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3).

When I signed the Notice of Removal, I was certifying that the alleged fact that Francis Street Investors, LLC is a California citizen "will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." *Id.* I stated it upon "information and belief" because as an attorney I take the allegations seriously.

Since receiving the Order to Show Cause, I have confirmed that Francis Street Investors, LLC is a California citizen because it only has one member: Richard Thornton. Mr. Thornton was also the only owner of Francis Street Investors LLC at the time the lawsuit was filed and at all times in between. At all relevant times, Richard Thornton has been a California citizen as that is the state in which he has been domiciled. *See Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989).

Because Rule 11(b)(3) allows Defendants to pled facts that they believe will have evidentiary support, I respectfully submit that the Notice of Removal was not defective. Nonetheless, "[w]hen diversity is not absent from a notice of removal but is defectively alleged," allowing amendment, not remand, is the norm. *See Grow Group, Inc. v. Jandernoa*, 1995 WL 60025, at *1-2 (S.D.N.Y. Feb. 10, 1995); *Fulfree v. Manchester*, 1999 WL 385753, at *1 (2d Cir. June 7, 1999) (per

# Kasell Law Firm

curiam); *Mills 2011 LLC v. Synovus Bank*, 921 F. Supp. 2d 219, 228 (S.D.N.Y. 2013); *Johnson v. Progressive Ins.*, 2003 WL 21554957, at *1 (S.D.N.Y. July 8, 2003).

In fact, 28 U.S.C. § 1653 expressly authorizes amendment of "defective allegations of jurisdiction." Congress was protective of out-of-state defendants being able to avail themselves of federal court even with the tight 30-day deadline.

For the foregoing reasons, I respectfully ask the Court decline to issue the Order remanding the case and grant defendants' motion (*via* this letter) to amend the Notice of Removal so that the citizenship of Francis Street Investors, LLC may be asserted.

Such an Order accords with the constitutional purpose of diversity jurisdiction, honors the thirty-day limit of Section 1446, complies with Rule 11(b), and follows the well-settled practice of curing technical pleading defects under Section 1653.

Finally, Francis Street Investors, LLC has elected to retain this firm to represent it. I am in the process of filing a Notice of Appearance on its behalf. I have informed it of the Order to Show Cause and am having a waiver of service executed so that I am in compliance with this Court's Order that it be served.

I greatly appreciate the Court's attention and time on this matter.

Respectfully submitted,

*/s/ David Kasell*
David Kasell, Esq.
Kasell Law Firm
Counsel for Defendants

cc: All Counsel of Record (via ECF)