UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
MAIN STREET MERCHANT SERVICES INC.,

                *Plaintiff*,

– against –

HEYBURN, LLC; FRANCIS STREET
INVESTORS, LLC; LITTLE TACOMA
CONSTRUCTION, LLC; and PETER M. PERRIN,

                *Defendants*.
-------------------------------------------------------------x

25 Civ. 02904 (KAM) (ST)

**ANSWER**

        Defendants Heyburn, LLC, Francis Street Investors, LLC, Little Tacoma Construction, LLC, and Peter M. Perrin (collectively, "Defendants"), by their attorney David Kasell, respond to the Complaint of plaintiff Main Street Merchant Services Inc. ("Plaintiff") as follows. Unless expressly admitted, each allegation is denied.

        1.      In response to paragraph 1, Defendants lack knowledge or information sufficient to form a belief as to Plaintiff's organization or existence and therefore deny the allegation.

        2.      In response to paragraph 2, Defendants deny.

        3.      In response to paragraph 3, Defendants admit that Peter M. Perrin resides in Oregon; all remaining allegations are denied.

        4.      In response to paragraph 4, Defendants admit that on or about January 15, 2025, the parties executed a document titled "Merchant Agreement" ("Agreement") that recites an aggregate receivables amount, but deny Plaintiff's characterization of the transaction and aver that, in substance, the Agreement is a high-interest loan.

5. In response to paragraph 5, Defendants admit they identified a bank account for ACH debits, but deny any obligation to permit withdrawals in excess of the contractually stated percentage of receivables.

6. In response to paragraph 6, Defendants admit that the Agreement contains language captioned "Guaranty," which speaks for itself; Defendants deny that any such guaranty is valid or enforceable.

7. In response to paragraph 7, Defendants lack knowledge or information sufficient to admit or deny Plaintiff's alleged funding and therefore deny the same.

8. In response to paragraph 8, Defendants deny that they stopped payments in breach of the Agreement; rather, Plaintiff first breached by attempting to debit sums far exceeding the agreed daily percentage of receivables.

9. In response to paragraph 9, Defendants deny the payment, balance, and "blocked-account fee" figures, and deny liability for any such fee.

10. In response to paragraph 10, Defendants deny that amounts are due and owing.

11. In response to paragraph 11, Defendants deny that Peter M. Perrin is liable under any guaranty.

12. In response to paragraph 12, Defendants deny that any balance is due.

13. In response to paragraph 13, Defendants repeat their answers to paragraphs 1–12 and deny any remaining allegations.

14. In response to paragraph 14, Defendants deny that Plaintiff provided fair consideration or fully performed under the Agreement.

15. In response to paragraph 15, Defendants lack knowledge sufficient to admit or deny and therefore deny.

16. In response to paragraph 16, Defendants deny that they materially breached the Agreement or impeded Plaintiff's collections.

17. In response to paragraph 17, Defendants deny that they used multiple unauthorized bank accounts.

18. In response to paragraph 18, Defendants deny that Plaintiff suffered damages.

19. In response to paragraph 19, Defendants repeat their answers to paragraphs 1–18 and deny any remaining allegations.

20. In response to paragraph 20, Defendants deny that any valid guaranty exists or that Mr. Perrin has personal liability.

21. In response to paragraph 21, Defendants deny that the Company Defendants breached the Agreement.

22. In response to paragraph 22, Defendants deny that Plaintiff is entitled to judgment against Mr. Perrin.

23. In response to paragraph 23, Defendants repeat their answers to paragraphs 1–22 and deny any remaining allegations.

24. In response to paragraph 24, Defendants deny that they were unjustly enriched and deny that any sum is owed.

25. In response to paragraph 25, Defendants deny that Plaintiff is entitled to judgment for unjust enrichment.

26. In response to the unnumbered "WHEREFORE" clause and any other unnumbered allegations, Defendants deny that Plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses and reserve the right to amend or supplement them as discovery progresses.

1.  Failure to State a Claim.

The Complaint fails to plead essential elements of contract, guaranty, and quasi-contract causes of action, including a valid assignment of receivables, satisfaction of conditions precedent, and actual damages.

2.  Civil and Criminal Usury.

The Agreement is a loan whose unconditional repayment obligation, guaranteed regardless of receivables volume, yields an effective annual interest rate exceeding 25 percent, rendering it void ab initio under New York General Obligations Law § 5-511 and Penal Law § 190.40.

3.  Violation of Public Policy.

Enforcement of an instrument that disguises a usurious loan as a sale of receivables would undermine New York's usury statutes and public policy against predatory lending.

4.  Unconscionability.

The Agreement was presented on a take-it-or-leave-it basis to distressed small businesses, contains oppressive terms—such as a 10 percent "default" or "blocked-account" fee—and is both procedurally and substantively unconscionable.

5. Plaintiff's Prior Material Breach.

Plaintiff first breached by debiting amounts exceeding the bargained-for percentage and by refusing to reconcile collections, excusing any alleged non-payment by Defendants.

6. Payment, Offset, and Recoupment.

Any amounts withdrawn by Plaintiff, including unauthorized over-debits, equal or exceed the alleged balance; any recovery must be offset accordingly.

7. Failure to Mitigate.

Plaintiff failed to adjust debit amounts to match actual receivables and thereby inflated its own losses.

8. Unclean Hands.

Plaintiff's predatory lending practices and misrepresentations bar equitable relief.

9. Fraudulent Inducement.

Plaintiff misrepresented the true cost and enforceability of the transaction, inducing Defendants' assent; the Agreement is voidable.

10. Improper Venue and Lack of Personal Jurisdiction.

Any New York forum-selection clause is unenforceable because it operates as a prospective waiver of usury defenses and lacks mutual assent; the exercise of jurisdiction over Oregon domiciliaries would be unreasonable.

11. Laches, Waiver, and Estoppel.

Plaintiff's delay and its course of conduct allowing adjusted debits constitute waiver and estoppel.

12. Illegality and Failure of Consideration.

Because the Agreement is void for criminal usury, no lawful consideration supports Plaintiff's claims.

13. Unenforceable Penalty.

The $5,000 "blocked-account fee" and any 10 percent default fee are not reasonable forecasts of actual loss and constitute unenforceable penalties.

14. Good-Faith Defense (Gen. Oblig. Law § 5-501[6]).

Defendants acted in good-faith reliance on the statutory assumption that the transaction was lawful; any violation renders the contract void without fault on Defendants' part.

15. Breach of Implied Covenant by Plaintiff.

Plaintiff's arbitrary debit increases and refusal to reconcile violated the covenant of good faith and fair dealing, excusing performance by Defendants.

16. Reservation of Additional Defenses.

Defendants reserve all defenses available under Fed. R. Civ. P. 8(c) and 12(b) that may become apparent through discovery.

## PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request that the Court:

    a. Dismiss the Complaint with prejudice;

    b. Declare the Agreement and any guaranty void and unenforceable;

    c. Award Defendants their costs, disbursements, and reasonable attorney's fees; and

    d. Grant such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Defendants demand trial by jury on all issues so triable.

Dated: Long Island City, New York
July 9, 2025

                                                                                          /s/ *David Kasell*
                                                                              David Kasell, Esq.
                                                                                Kasell Law Firm
                                                   Address: 10-38 Jackson Ave,
                                                         Long Island City, NY 11101
                                                                  (718) 555-7890
                                                      david@kaselllawfirm.com